No. 20-13682-HH

In the
United States Court of Appeals
for the Eleventh Circuit

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JIMMY LIGHTSEY,
*Defendant-Appellant*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
NO. 3:18-CR-209-MMH-MCR-1

## UNITED STATES' RESPONSE TO PETITION FOR REHEARING EN BANC

SARA C. SWEENEY
Acting United States Attorney

DAVID P. RHODES
Assistant United States Attorney
Chief, Appellate Division

HOLLY L. GERSHOW
Assistant United States Attorney
Deputy Chief, Appellate Division
Florida Bar No. 98960
400 N. Tampa St., Ste. 32300
Tampa, FL 33602
(813) 274-6000

March 19, 2025

*United States v. Jimmy Lightsey*
No. 20-13682-HH

# Certificate of Interested Persons and Corporate Disclosure Statement

The following persons have an interest in the outcome of this case:

1. Barksdale, Hon. Patricia D., United States Magistrate Judge;

2. Clifton, Douglas Hill, Esq.;

3. Corrigan, Hon. Timothy J., United States District Judge;

4. Gershow, Holly L., Assistant United States Attorney, Deputy Chief, Appellate Division;

5. Glober, Bonnie Ames, former Assistant United States Attorney;

6. Gonzalez, Beatriz, former Assistant United States Attorney;

7. Hall, A. Fitzgerald, Federal Public Defender;

8. Handberg, Roger B., former United States Attorney;

9. Hoppmann, Karin, former Acting United States Attorney;

10. Howard, Hon. Marcia M., United States District Judge;

11. Klindt, Hon. James R., United States Magistrate Judge;

12. Lopez, Maria Chapa, former United States Attorney;

13. Mesrobian, David B., Assistant United States Attorney;

14. Rhodes, David P., Assistant United States Attorney, Chief, Appellate Division;

15. Rhodes, Yvette, former Assistant United States Attorney;

16. Richardson, Hon. Monte C., United States Magistrate Judge;

*United States v. Jimmy Lightsey*
No. 20-13682-HH

17.  Rosensweig, Neal Gary, Esq.; and

18.  Sweeney, Sara C., Acting United States Attorney.

No publicly traded company or corporation has an interest in the outcome of this appeal.

# Table of Contents

Certificate of Interested Persons and Corporate Disclosure Statement .........C-1

Table of Contents..................................................................................................i

Table of Citations ................................................................................................ii

Introduction ........................................................................................................ 1

Argument and Citations of Authority............................................................. 2

    This Court should decline to grant en banc review of the panel's proper application of the prior-panel-precedent rule, but the prior precedent, *Joyner*, itself may merit en banc reconsideration in light of *Taylor* ............................................................................................... 2

Conclusion ......................................................................................................... 8

Certificate of Compliance with Type-Volume Limitation

Certificate of Service

# Table of Citations

**Cases**

*Alvarado-Linares v. United States*,
  44 F.4th 1334 (11th Cir. 2022) ............................................................................ 4

*Auer v. Robbins*,
  519 U.S. 452 (1997) ............................................................................................ 5

*CBOCS W., Inc. v. Humphries*,
  553 U.S. 442 (2008) ............................................................................................ 7

*Hill v. United States*,
  877 F.3d 717 (7th Cir. 2017) .............................................................................. 3

*Kisor v. Wilkie*,
  139 S. Ct. 2400 (2019) ........................................................................................ 5

*Loper Bright Enterprises v. Raimondo*,
  603 U.S. 369 (2024) ............................................................................................ 7

*United States v. Dupree*,
  57 F.4th 1269 (11th Cir. 2023) ......................................................................... 4–5

*United States v. Joyner*,
  882 F.3d 1369 (11th Cir. 2018) ......................................................................... 1–7

*United States v. Lightsey*,
  120 F.4th 851 (11th Cir. 2024) ......................................................................1, 4–6

*United States v. Smith*,
  54 F.3d 690 (11th Cir. 1995) .............................................................................. 5

*United States v. St. Hubert*,
  883 F.3d 1319 (11th Cir.), *opinion vacated and superseded*, 909 F.3d 335
  (11th Cir. 2018) ................................................................................................ 3–4

*United States v. Taylor*,
  596 U.S. 845 (2022) .................................................................................. 1–2, 4–7

*United States v. Vega-Castillo*,
  540 F.3d 1235 (11th Cir. 2008) .......................................................................... 6

*United States v. Weir*,
  51 F.3d 1031 (11th Cir. 1995) .................................................................. 5

**Statutes**

18 U.S.C. § 924(c) ..................................................................................... 3–4

18 U.S.C. § 924(c)(3)(A) ................................................................................ 3

**Rules**

11th Cir. R. 40-6 ........................................................................................ 6–7

## Introduction

Jimmy Lightsey has petitioned this Court to rehear en banc its published decision holding that Florida attempted armed robbery qualifies as a "violent felony" under the ACCA's elements clause. In his petition, Lightsey raises two issue that he contends merit en banc review. The first challenges the panel's holding that Florida attempted armed robbery qualifies as a "violent felony" under the ACAA's elements clause. The second challenges the panel's application of this Court's prior-panel-precedent rule. This Court has asked us to respond. We do not oppose en banc review on the first issue, but we do oppose it on the second.

Starting with the latter, Lightsey's disagreement with the panel's application of the prior-panel-precedent rule does not merit en banc review. In reaching its conclusion that Florida attempted armed robbery qualifies as a conviction for a "violent felony," the panel held that it was bound by *United States v. Joyner*, 882 F.3d 1369 (11th Cir. 2018), because *United States v. Taylor*, 596 U.S. 845 (2022), did not undermine *Joyner* to the point of abrogation. *United States v. Lightsey*, 120 F.4th 851, 861 (11th Cir. 2024). Lightsey has failed to show that the panel's application of the prior-panel-precedent rule conflicts with precedent of the Supreme Court or of this Court. To the contrary, it is his argument—that a change in the applicable mode of analysis is enough to

abrogate prior precedent—that conflicts with precedent from the Supreme Court and this Court.

Turning to Lightsey's first issue, it does address a direct conflict in reasoning between the panel's opinion and precedent of the Supreme Court, so we do not oppose en banc review. In *Joyner*, this Court held that attempted robbery qualifies as a "violent felony" under the ACCA's elements clause because robbery qualifies. In doing so, this Court did not consider whether attempted robbery itself has as an element the use, attempted use, or threatened use of physical force against the person of another. But in *Taylor*, the Supreme Court rejected that approach. Thus, we do not oppose this Court's reconsidering en banc, with the benefit of *Taylor*, whether Florida attempted robbery (and, by extension, Florida attempted armed robbery) qualifies as a "violent felony."

## Argument and Citations of Authority

**This Court should decline to grant en banc review of the panel's proper application of the prior-panel-precedent rule, but the prior precedent, *Joyner*, itself may merit en banc reconsideration in light of *Taylor*.**

This Court held in *Joyner* that Florida attempted robbery is categorically a "violent felony" under the ACCA. *Id.*, 882 F.3d 1369, 1379 (11th Cir. 2018). But in *Joyner*, the defendant did "not focus so much on the attempt aspect of his robbery conviction." *Id*. Instead, he argued "that the underlying substantive offense of strong-arm robbery does not qualify as a violent felony because it does

2

not involve the requisite degree of force." *Id*. This Court concluded that controlling precedent foreclosed that argument about strong-arm robbery and held that Florida attempted robbery "is categorically a violent felony under the ACCA." *Id*.

But that holding contained an implied premise: if a substantive offense qualifies as a "violent felony," then an attempt to commit that offense also qualifies as one. About a week after *Joyner* issued, this Court made that implied premise explicit, following the Seventh Circuit reasoning that, "when a substantive offense qualifies as a violent felony under the ACCA, an attempt to commit that offense also is a violent felony," and held that attempted Hobbs Act robbery is a "crime of violence" under the elements clause of 18 U.S.C. § 924(c). *United States v. St. Hubert*, 883 F.3d 1319, 1334 (11th Cir.) (citing *Hill v. United States*, 877 F.3d 717 (7th Cir. 2017), *opinion vacated and superseded*, 909 F.3d 335 (11th Cir. 2018). In the later *St. Hubert* opinion, this Court reiterated its holding and reliance on *Hill*: "Thus, under *Hill*'s analysis, given § 924(c)'s 'statutory specification that an element of attempted force operates the same as an element of completed force, and the rule that conviction of attempt requires proof of intent to commit all elements of the completed crime,' attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A) as well." *St. Hubert*, 909 F.3d at 351–52.

3

But the Supreme Court later rejected that analysis. It said that the syllogism this Court used in *St. Hubert* rests on a false premise. *United States v. Taylor*, 596 U.S. 845, 853 (2022). "The elements clause does not ask whether the defendant committed a crime of violence *or* attempted to commit one," the Court explained. *Id.* "It asks whether the defendant did commit a crime of violence—and it proceeds to define a crime of violence as a felony that includes as an element the use, attempted use, or threatened use of force." *Id.* Because this Court in *Joyner* did not analyze whether attempted robbery itself satisfies the elements clause, it conflicts with *Taylor*'s requirement that an attempt crime must independently satisfy the elements clause.[1] For that reason, the United States does not oppose this Court's revisiting that precedent to apply the *Taylor* analysis.

*United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (en banc), provides support for this Court's rehearing *Lightsey* en banc. *Dupree* dealt with whether inchoate offenses qualified as "controlled substance offenses" under the career-offender guideline. *Id.*, 57 F.4th at 1271. Dupree had argued to the panel that his drug-conspiracy conviction could not serve as a predicate for a

---

[1]Contrary to Lightsey's assertion, the panel decision does not conflict with *Alvarado-Linares v. United States*, 44 F.4th 1334 (11th Cir. 2022). In that case, this Court held that VICAR convictions based on attempted murder in aid of racketeering were convictions for "crimes of violence," under § 924(c), distinguishing *Taylor* because murder, unlike Hobbs Act robbery, cannot be committed by a threat of force. *Alvarado-Linares*, 44 F.4th at 1346–48.

career-offender enhancement because the guidelines definition of a "controlled substance offense" omitted inchoate crimes and so no *Aurer*[2] deference could be given to the commentary's inclusion of inchoate crimes. *Id.* at 1272. The *Dupree* panel affirmed because *United States v. Weir*, 51 F.3d 1031 (11th Cir. 1995), and *United States v. Smith*, 54 F.3d 690 (11th Cir. 1995), foreclosed that argument. *Dupree*, 57 F.4th at 1271. But this Court recognized that the Supreme Court had later clarified in *Kisor*[3] the proper application of *Auer* deference. *Id.* at 1274–75. So this Court sitting en banc applied *Kisor*'s gloss on agency deference to the interpretation of the career-offender guideline. *Id.* at 1277. Similarly, this Court could take *Lightsey* en banc to apply the reasoning in *Taylor*, which the *Joyner* court did not have the benefit of, to determine whether attempted robbery qualifies as a "violent felony."

But although the United States does not oppose this Court's taking *Lightsey* en banc to revisit whether Florida attempted robbery qualifies as a "violent felony" under the ACCA's elements clause, we do oppose this Court's reconsidering the panel's application of the prior-panel-precedent rule. The panel concluded that *Taylor* did not undermine *Joyner* to the point of abrogation because, "while Taylor's reasoning may creep towards that which [this Court]

---

[2] *Auer v. Robbins*, 519 U.S. 452 (1997).

[3] *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019).

5

applied in *Joyner*, discordant reasoning provides an insufficient basis for departure from [this Court's] precedent." *Lightsey*, 120 F.4th at 861. The panel also concluded that the reasoning in *Taylor* did not "cut that closely" to the reasoning in *Joyner* both because Florida's requirement for an attempt is more stringent than the federal requirement for attempt at issue in *Taylor* and because the text of the Hobbs Act statute and the Florida robbery statute meaningfully differ. *Lightsey*, 120 F.4th at 861. Thus, it concluded that *Taylor* had not "come nearly close enough to *Joyner* to demolish and eviscerate all the fundamental props of [*Joyner*]." *Lightsey*, 120 F.4th at 861. Nothing in the panel's analysis directly conflicts with precedent of the Supreme Court or this Court. So en banc review is not warranted. *See* 11th Cir. R. 40-6.

Lightsey has not shown otherwise. In his statement of the issue, he suggests that this Court should consider his case en banc to determine whether *Taylor* undermined *Joyner* to the point of abrogation because *Taylor* changed the applicable mode of analysis. But this Court has been clear: "Even if the reasoning of an intervening high court decision is at odds with a prior appellate court decision, that does not provide the appellate court with a basis for departing from its prior decision." *United States v. Vega-Castillo*, 540 F.3d 1235, 1237 (11th Cir. 2008). Similarly, the Supreme Court has held that a change in interpretive methodology does not call into question cases decided under the old

6

methodology. *See, e.g.*, *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412 (2024); *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 457 (2008). Lightsey's argument boils down to a claim that the panel misapplied this Court's correct prior-panel-precedent precedent. *See* Lightsey's petition at 12 ("The panel majority got it wrong."). That's not a basis for en banc review.[4] *See* 11th Cir. R. 40-6 (petition for rehearing en banc "is intended to bring to the attention of the entire court a panel opinion that is allegedly in direct conflict with precedent of the Supreme Court or of this circuit").

Simply put, the panel's determination that it was bound by *Joyner* does not warrant review by the en banc court, so the United States opposes en banc review of that determination. But whether *Joyner* is correct after *Taylor* could warrant en banc review. So the United States does not oppose Lightsey's request for en banc review of *Joyner*'s conclusion that Florida attempted robbery qualifies as a "violent felony" under the ACCA's elements clause because Florida robbery qualifies.

---

[4] Admittedly, the United States also argued to the panel that *Taylor* had undermined *Joyner* to the point of abrogation. But that the panel did not accept our suggested application of the prior-panel-precedent rule is no more a basis for en banc review than that it did not accept Lightsey's.

## Conclusion

For these reasons, the United States does not oppose Lightsey's request for en banc review of Issue One but does oppose his request for en banc review of Issue Two.

Respectfully submitted,

SARA C. SWEENEY
Acting United States Attorney

DAVID P. RHODES
Assistant United States Attorney
Chief, Appellate Division

By:   *s/ Holly L. Gershow*
HOLLY L. GERSHOW
Assistant United States Attorney
Deputy Chief, Appellate Division
Florida Bar No. 98960
400 N. Tampa St., Ste. 3200
Tampa, FL 33602
(813) 274-6000
holly.gershow@usdoj.gov

## Certificate of Compliance with Type-Volume Limitation

This response to Lightsey's petition for rehearing en banc, which contains 1711 countable words under Fed. R. App. P. 35(b)(2), complies with Fed. R. App. P. 32(g)(1).

## Certificate of Service

I certify that a copy of this response and the notice of electronic filing was sent by CM/ECF on March 19, 2025, to:

NEAL GARY ROSENSWEIG, ESQ.
*Counsel for Jimmy Lightsey*

*s/ Holly L. Gershow*
HOLLY L. GERSHOW
Assistant United States Attorney
